SCANNED
DATE: 3/23/05
BY: [initials]

DOCKETED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

FIRST, LLC, a Delaware Limited Liability Company,

    Plaintiff,

v.

TIMOTHY MCARTHUR,

    Defendant.

Civil Action No.

MEMORANDUM IN
SUPPORT OF
APPLICATION FOR
TEMPORARY
RESTRAINING ORDER AND
EXPEDITED DISCOVERY

---

Plaintiff FIRST, LLC ("FIRST") respectfully submits this memorandum in support of its Ex Parte Application For Temporary Restraining Order and Expedited Discovery.

## INTRODUCTION

On March 19, 2005, defendant Timothy McArthur ("McArthur") threatened to maliciously "publish the code" of FIRST's copyrighted NASCAR® Series 2003 Season ("NASCAR® 2003) computer car racing simulation game.  This was McArthur's ultimate response to FIRST's month-long attempt to convince him and others to stop publishing for Internet download computer applications that create unlicensed derivative versions of NASCAR® 2003 in violation of Federal copyright laws.[1]  Accordingly, FIRST respectfully requests that the Court: (1) temporarily restrain McArthur from publishing FIRST's NASCAR® 2003 source code or object code or any derivative works in order to avoid immediate and irreparable harm; (2) permit FIRST extremely limited expedited

---

[1] The Verified Complaint alleges that McArthur and others also violated FIRST's copyrights in NASCAR® 2003 by reverse engineering the game's software in violation of explicit prohibitions in the applicable license agreement to develop a "Hack Tool" that automatically creates an unlicensed derivative version of NASCAR® 2003.  Such reverse engineering, when as here explicitly barred by license agreement, is a prima facie violation of copyright laws as to which there is no fair use exception.  Davidson & Assoc., Inc. v. Internet Gateway, Inc., 334 F. Supp. 2d 1164, 1181 (E.D. Mo. 2004) (defendants waived "fair use" defense by accepting license agreement identical to one accepted by McArthur).



discovery to more fully support its motion for preliminary injunction; and (3) order McArthur to preserve all documents and data relating to NASCAR® 2003 in their present form and keep inviolate all versions of NASCAR® 2003 and any derivative works thereof (including the Hack Tool) for future discovery purposes.

## FACTS

FIRST is the owner of all the intellectual property rights in NASCAR® 2003, including all copyrights whether registered or unregistered (Verified Complaint ("Ver. Comp.") ¶ 9).[2] NASCAR® 2003 is an award-winning car racing simulation computer game that is so realistic that even NASCAR drivers use it as a training tool (Ver. Comp. ¶ 14). Anyone lawfully obtaining a copy of NASCAR® 2003 is required to agree to explicit prohibitions against reverse engineering the software or obtaining the source code as provided in the End User License Agreement:

> Any use, reproduction or redistribution of the Program not in accordance with the terms of the License Agreement is expressly prohibited.
>
> \* \* \*
>
> 3. Responsibilities of End User.
>
> A. Subject to the Grant of License hereinabove, you may not, in whole or in part, copy, photocopy, reproduce, translate, <u>reverse engineer, derive source code, modify, disassemble, decompile, create derivative works based on the Program.</u>

(Ver. Comp. ¶ 18 & Exh. C (emphasis added)). McArthur obtained a copy of NASCAR® 2003 software either under the EULA or by piracy (Ver. Comp. ¶ 19).

After obtaining a copy of NASCAR® 2003, McArthur willfully, knowingly and

---

2   FIRST is the assignee of the registered copyright in NASCAR® 2002 and its copyright registration in NASCAR® 2003 is filed and pending (Ver. Comp. ¶ 9).

2

deliberately undertook to violate FIRST's copyrights in the software (Ver. Comp. ¶¶ 21-32). McArthur openly admits that he has a copy of the code in NASCAR® 2003, and the source code may only be derived by de-compiling or reverse engineering NASCAR® 2003 notwithstanding the express prohibitions in the EULA and in violation of FIRST's copyrights (Ver. Comp. ¶ 40). In February 2005, FIRST learned that McArthur used this illicitly obtained FIRST intellectual property to create a computer application named "GTS_Series_v2.0.exe" ("GTS.exe") that automatically creates derivative versions of NASCAR® 2003, which application he published on his website (Ver. Comp. ¶¶ 26-32). In March 2005, FIRST sought through negotiation to persuade McArthur to discontinue publication of GTS.exe and return to FIRST its intellectual property (Ver. Comp. ¶¶ 33-39).

After "temporarily" removing the GTS.exe from his website on March 11, 2005, McArthur posted to an Internet bulletin board on March 19, 2005 that the "TC and GTS physics installers may very well be back on-line" and threatened to "publish the code" under the proclaimed belief that the First Amendment allowed him to do so (Ver. Comp. ¶ 40).[3] In effect, McArthur is threatening to publish FIRST's object code or highly confidential source code for the wrongful purpose of extorting FIRST to assent to McArthur's publication of GTS.exe or other applications designed to create unlicensed derivative versions of NASCAR® 2003.

---

[3] A copy of the posting is attached to the Affidavit of Irwin B. Schwartz In Support Ex Parte Application as Exhibit A.

## ARGUMENT

I. FIRST IS ENTITLED TO INJUNCTIVE RELIEF

A temporary restraining order or preliminary injunction should issue where there has been a copyright violation. 17 U.S.C. § 502(a); Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc., Civ. A. No. 02-12102RWZ, 2004 WL 1497688 at *6 (D. Mass. July 2, 2004) (this Court entered preliminary injunction against defendant obtaining computer code by reverse engineering or using computer program security code); Microsystems Software, Inc. v. Scandinavia Online AB, Civ. A. No. 00-10488-EFH, slip op. (D. Mass. Mar. 17, 2000) (this Court entered TRO against Internet publication of "cphack.exe" created by reverse engineering "CyberPatrol" software in violation of license agreement and Federal copyrights) (a copy of Judge Harrington's Order is attached as Exhibit A); Accusoft Corp. v. Palo, 923 F. Supp. 290, 297 (D. Mass. 1996) (this Court entered injunction against distribution of computer code not provided for in license agreement). In the First Circuit, courts apply a modified injunctive relief standard in copyright cases and movant effectively need only show likelihood of success on the merits as irreparable harm is presumed. Storage Tech., 2004 WL 1497688 at *5 (citing Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 611-12 (1stCir. 1988)).

A. FIRST Is Likely To Succeed On Its Copyright Infringement Claim

To prove a copyright violation, FIRST need only demonstrate (1) ownership of a valid copyright and (2) copying by the defendant. Storage Tech., 2004 WL 1497688, at *3 (citing Concrete Mach., 843 F.2d at 605)); Data Gen. Corp. v. Grumman Sys. Support Corp., 803 F. Supp. 487, 490 (D. Mass. 1992) (denying motion to dismiss

4

copyright violation); Accusoft Corp., 923 F. Supp. at 295 (reciting elements of copyright claim).

In this case, there can be no dispute that FIRST holds a valid copyright in NASCAR® 2003 (Ver. Comp. ¶ 9). In addition, by threatening to publish the NASCAR® 2003 code, McArthur has effectively admitted that he obtained the code by de-compilation or reverse engineering FIRST's copyrighted work, which prima facie violates FIRST's copyrights. Storage Tech., 2004 WL 1497688, at * 3 (citing MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 519 (9th Cir. 1993)); Sega Enter. Ltd. v. Accolade, Inc., 977 F.2d 1510, 1518 (9th Cir. 1993) (disassembly of copyrighted object code is, as a matter of law, copyright violation and permitted by fair use only under narrow exceptions). No matter how he illicitly obtained FIRST's code, McArthur will again violate FIRST's copyright and compound the injury if he is permitted to publish the illicitly-obtained NASCAR® 2003 code.[4]

Moreover, two recent cases compel the conclusion that a temporary restraining order is appropriate and that FIRST is likely to prevail on the merits. In the Microsystems case, this Court (Harrington, J.) entered a temporary restraining order against Internet publication of cphack.exe where the individual defendants had admittedly created the application by obtaining Microsystems' source code in violation of the applicable license agreement. Civ. A. No. 00-10488-EFH, slip op. at 1-2. In Davidson, the Eastern District of Missouri (Shaw, J.) considered and rejected on almost

---

4   Threatened future publication of copyrighted code is ample grounds for injunctive relief. TechniCal, Inc. v. ALLPAX Prods., Inc., Civ.A. No. 90-872, 1990 WL 41924, at *9 (E.D. La. March 28, 1990) ("injunctive relief is appropriate to protect plaintiffs against future copyright infringement of the Log Tec programs"); Georgia Television Co. v. TV News Clips, Inc., 718 F. Supp. 939, 945 (N.D. Ga. 1989) (enjoining future unlicensed "clipping" and publication of plaintiff's copyrighted news broadcasts).

identical facts and license terms any defense that McArthur might assert in response to FIRST's claims. For example, the Davidson court found that the "click through" end user agreement's prohibition of reverse engineering agreement was enforceable and permissible under the Copyright Act, that it prevented defendants from claiming "fair use" to shield their reverse engineering, and that it was not unconscionable. 334 F. Supp. 2d at 1175, 1180-81.

    B.    The Harm To FIRST Outweighs Any Possible Harm to McArthur

While irreparable harm to FIRST is presumed upon its demonstration of a likelihood of success the merits of its copyright infringement claim, McArthur will suffer absolutely no harm if the Court prevents him from publishing FIRST's NASCAR® 2003 source code or object code in violation of FIRST's copyrights. In contrast, if McArthur is permitted to follow through on his threat to publish the NASCAR® 2003 code, FIRST will suffer actual immediate and incalculable injury as the confidential workings of years of software development, obtained illicitly, are maliciously displayed for anyone (including FIRST's competitors) to copy and analyze. See Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254 (3d Cir. 1983) (reversing denial of preliminary injunction and finding substantial investment of time and money in developing computer software justified injunction against competitor using copyrighted operating programs).

II.    EXPEDITED DISCOVERY AND DOCUMENT PRESERVATION WILL ALLOW FIRST TO PRESENT THE PRELIMINARY INJUNCTION MOTION A MORE FULLY DEVELOPED RECORD

As this Court ruled in the Microsystems case, expedited discovery is appropriate in the context of prospective copyright violations where, as here, delay may result in

continued irreparable harm. Civ. A. No. 00-10488-EFH, slip op. at 1. (ordering expedited discovery); see also Express One Int'l, Inc. v. U.S. Postal Service, 814 F. Supp. 87, 92 (D.D.C. 1992) (enjoining authorizing or performing any work under the contract and granting expedited discovery); Polo Fashions, Inc. v Everything Goes, Civ. No. 84-11549-K, slip op. at 7-9 (D. Mass. May 18, 1984) (granting expedited discovery and temporary restraining order ex parte "because it is the only method of preserving a state of affairs in which the Court can provide effective final relief"). Expedited discovery is also appropriate to "enable the court to judge the parties' interests and respective chances for success on the merits." Edudata Corp. v. Scientific Computers, Inc., 599 F. Supp. 1084, 1088 (D. Minn.) (granting expedited discovery), aff'd in part and rev'd in part on other grounds, 746 F.2d 429 (8th Cir. 1984).

While FIRST believes that it will prevail on its claim to prevent publication of the NASCAR® 2003 code, the preliminary injunction analysis does not stop there. FIRST intends to demonstrate that McArthur obtained the NASCAR® 2003 code in violation the Copyright Act and his obligations under the EULA and that the Court should impound any derivative works he created thereby. 17 U.S.C. § 503(a). FIRST also needs to discover who has downloaded the GTS.exe or anything else McArthur developed by using FIRST's intellectual property to ensure that it is not distributed in further violation of FIRST's copyrights. In short, given the speed with which information spreads on the Internet, FIRST is entitled to learn what illegal use McArthur made of FIRST's code and the breadth of the impact of that use without waiting for the traditional discovery mileposts.

FIRST's requested discovery is narrowly tailored and only asks McArthur to

respond to one document request by providing information that is easily accessible to him and the usual time provided by the Rules is unnecessary. FIRST also requests that this Court issue a document preservation order, which would require McArthur to preserve and hold inviolate software, documents, source code and communications relating to NASCAR® 2003 and anyone who downloaded any application McArthur created to generate derivative versions of NASCAR® 2003.

## CONCLUSION

For the foregoing reasons, FIRST respectfully requests that the Court enter a temporary restraining order against McArthur's publication of the NASCAR® 2003 source code and grant the requested expedited discovery and document preservation order.

DATED: March 22, 2005

Respectfully submitted,

First, LLC,

By its attorneys,

Irwin B. Schwartz BBO #548763
Petrie Schwartz LLP
500 Boylston Street, Suite 1860
Boston, Massachusetts 02116
(617) 421-1800
(617) 421-1810 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------X

MICROSYSTEMS SOFTWARE, INC., a
Massachusetts corporation,
and MATTEL, INC., a Delaware
corporation,

    Plaintiffs,

    vs.

SCANDINAVIA ONLINE AB, a Swedish
corporation; ISLANDNET.COM, a
Canadian corporation; EDDY L. O.
JANSSON, a Swedish citizen; and
MATTHEW SKALA, a Canadian citizen,

    Defendants.

------------------------------------X

CIVIL NO. 00-10488-EFH

*E.F.H*

~~PROPOSED~~ ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER, EXPEDITED DISCOVERY AND FOR
HEARING DATE ON PRELIMINARY INJUNCTION MOTION

Upon the Verified Complaint, the Memorandum in Support of Ex Parte Motion for Expedited Discovery, Affidavit of Irwin B. Schwartz and for good cause shown, it is hereby **ORDERED** that:

1. Plaintiffs shall serve as rapidly as possible the Summons, Verified Complaint, and the discovery attached hereto as Exhibit A, and that defendants shall deliver all documents responsive to the document requests to the office of plaintiffs' counsel no later than twenty-four hours after service upon them.

2. A Temporary Restraining Order immediately shall issue, and the defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, shall discontinue publishing defendants' Cyber Patrol bypass source code and binaries (known as "CP4break.zip" or

"cphack.exe" or any derivative thereof).

3. In addition, all defendants shall preserve inviolate the software and information that makes up all such Web sites, source or object code and documents relating to Cyber Patrol as well as all records which reflect the identity or number of persons who downloaded "CP4break.zip" or "cphack.exe" from the Web sites; and

4. the hearing on Plaintiffs' Motion For Preliminary Injunction shall be held on March 27, 2000 at 2 pm o'clock.

Dated: March 17, 2000

SO ORDERED,

_Edward F. Harrington, Jr._



2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------X

MICROSYSTEMS SOFTWARE, INC., a :
Massachusetts corporation,
and MATTEL, INC., a Delaware : CIVIL NO.
corporation,
                              :
    Plaintiffs,
                              :     00 CV 10488 EFH
    vs.
                              :
SCANDINAVIA ONLINE AB, a Swedish
corporation; ISLANDNET.COM, a :
Canadian corporation; EDDY L. O.
JANSSON, a Swedish citizen; and :
MATTHEW SKALA, a Canadian citizen,
                              :
    Defendants.
                              :
------------------------------X

PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER AND EXPEDITED DISCOVERY

Upon the Verified Complaint, this Ex Parte Motion and the attached Memorandum of Law, plaintiffs Microsystems Software Inc. and Mattel, Inc. (collectively, "Microsystems") move pursuant to Federal Rules of Civil Procedure Rules 4, 30(a), 34(b) and 65(b) that the Court issue a Temporary Restraining Order and order defendants Scandinavia Online AB and Islandnet.Com to respond to the limited discovery requested by Microsystems. In support of its motion, Microsystems relies on the Memorandum of Law submitted herewith and states as follows:

1. Microsystems develops, markets and licenses the "Cyber Patrol" software program, which is designed to filter out certain designated material on the Internet. Defendants Eddy L. O. Jansson and Matthew Skala ("Jansson and Skala") willfully and knowingly violated the copyright laws (17 U.S.C. §101 et. seq.)

3-17-00
Motion allowed
Edward F. Harrington, D.J.

DOCKETED
(2)