UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

FIRST, LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

TIMOTHY MCARTHUR,

Defendant.

Civil Action No. 05-10544-JLT

AFFIDAVIT OF IRWIN B. SCHWARTZ IN SUPPORT OF MOTION TO CONFIRM SETTLEMENT AND ENTER PERMANENT INJUNCTION

---

Irwin B. Schwartz, under pains and penalties of perjury, deposes and states:

1. I am an attorney duly admitted in the Commonwealth of Massachusetts and this Court and a member of the law firm Petrie Schwartz LLP. My firm is counsel to plaintiff FIRST, LLC ("FIRST") in this action. I respectfully submit this affidavit in support of FIRST's motion to confirm settlement and enter permanent injunction herein.

2. FIRST requests that the Court enter the proposed order without a live hearing because defendant Timothy McArthur ("McArthur") lives in Concord, California and has thus far represented himself pro se. Mr. McArthur has asked me to represent to the Court that he would prefer to resolve this action without the necessity of his traveling from California to Boston. Mr. McArthur has indicated a willingness to appear by telephone should the Court deem it necessary in connection with the parties' motion to confirm settlement and enter permanent injunction.

Background

3. On Tuesday, March 22, 2005, FIRST commenced this action by filing a verified complaint and an application for temporary restraining order, expedited

discovery and document preservation order.

4. On the morning of Thursday, March 24, 2005, I heard from Chambers that I should inform defendant that, upon his retention of local counsel, the Court would schedule a hearing on the application for temporary restraining order.

5. Three times on March 24, 2005 (twice by e-mail and once by Federal Express letter) I wrote to Mr. McArthur to inform him of the Court's instruction and ask who would represent him in this action.

6. On the morning of Friday, March 25, 2005, Mr. McArthur called me and informed me that he had not yet retained counsel and indicated that he did not wish to do so. He also asked if there was a way that he could avoid having to appear for a temporary restraining order hearing. We also discussed possible settlement of this dispute.

7. As part of those discussions, I suggested that he stipulate to the entry of a temporary restraining order in order to protect FIRST while settlement discussions progressed. He agreed to the concept in principle and asked that I draft a proposed stipulated temporary restraining order, which I did and e-mailed to him in the early afternoon on March 25, 2005.

8. Later in the afternoon on March 25, 2005, Mr. McArthur called me and informed me that he wanted to have an attorney review the draft proposed temporary restraining order that I had sent him earlier. I suggested that Mr. McArthur do so and provide any comments to me on Monday morning, March 28, 2005.

9. At the end of the day on March 25, 2005, I informed Chambers by e-mail of these developments.

10.  On March 28, 2005, I received an e-mail from Mr. McArthur indicating he had consulted with counsel and suggesting minor changes to the draft proposed stipulated temporary restraining order I had sent him on March 25, 2005.

11.  In response, I made the changes requested by Mr. McArthur to the draft proposed stipulated temporary restraining order and sent it to Mr. McArthur by e-mail with a request that he send a signed copy back to me by facsimile.

12.  At approximately 1:30 in the afternoon on March 28, 2005, I received by facsimile a signed copy of the second draft proposed stipulated temporary restraining order.

13.  On March 28, 2005 my firm filed a Proposed Stipulated Temporary Restraining Order and supporting papers.

14.  On April 1, 2005 this court entered the requested Temporary Restraining Order (the "TRO"), a copy of which my office received on April 2, 2005.

15.  On April 2, 2005, I informed Mr. McArthur by e-mail that the Court entered the TRO.

16.  After this court entered the TRO the parties continued their settlement negotiations and agreed, in order to facilitate settlement, to stipulate to extend Mr. McArthur's time to respond to the verified complaint and to extend the TRO.

17.  On April 8, 2005 the parties filed a stipulated motion to extend the time Mr. McArthur had to respond to the complaint, which the Court allowed.

18.  On April 14, 2005 the parties filed a stipulated motion to extend the TRO up to and including May 2, 2005, which the Court allowed on April 20, 2005.

19.  On April 21, 2005 I informed Mr. McArthur by e-mail that this Court

3

entered our stipulated order to extend the time on the TRO.

20. On April 21, 2005 the parties filed another stipulated motion to extend the time McArthur had to respond to the complaint until May 2, 2005, which the Court has not yet ruled upon.

The Settlement Negotiations

21. Throughout the settlement negotiations, Mr. McArthur represented himself. After we discussed terms, I submitted a draft settlement offer for his review and comment. After a number of iterations, Mr. McArthur indicated that he was prepared to sign a draft version, but wanted to consult with counsel, which I strongly supported.

22. On April 23, 2005, Mr. McArthur informed me that he had received advice of counsel and could agree to terms that I also believed would be acceptable to FIRST.

23. On April 26, 2005, I informed Mr. McArthur that FIRST had agreed to the terms he and I had worked out and I sent signature draft settlement agreement versions to both Mr. McArthur and FIRST's president, David Kaemmer.

24. At approximately 5:55 in the afternoon on April 27, 2005, I received an e-mail confirmation from Mr. McArthur that he had signed the Final Settlement Agreement and sent it to us via Federal Express overnight service.

25. On April 28, 2005 I received from Mr. McArthur the original signed copy of the Final Settlement Agreement. A copy of Mr. McArthur's signature page is attached hereto as Exhibit A.

26. On April 29, 2005, I received from Mr. Kaemmer the original signed copy of the Final Settlement Agreement. A copy of Mr. Kaemmer's signature page is

attached hereto as Exhibit B.

The Settlement Is Conditioned Upon The Court's Entry Of The Proposed Order

27. The Final Settlement Agreement terms were heavily negotiated and FIRST's agreement thereto is expressly conditioned upon the Court's entry of the proposed stipulated permanent injunction, which is attached as Exhibit A to the Final Settlement Agreement.

The Settlement Terms Are Confidential

28. As part of the Final Settlement Agreement, the parties agreed to confidentiality restrictions, which were important to Mr. McArthur. On that basis, I have attached hereto only the parties' signature pages. Should the Court wish to examine the entire settlement agreement, I will provide it to chambers for an *in camera* review or file it under seal subject to a confidentiality order.

SWORN AND SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2nd DAY OF MAY, 2005.

Irwin B. Schwartz

CERTIFICATE OF SERVICE

A copy of the foregoing Affidavit of Irwin B. Schwartz In Support Of Joint Motion to Confirm Settlement Agreement and Enter Permanent Injunction was served by e-mail and United States mail, postage prepaid, upon Timothy McArthur, at 2601 Sinclair Avenue, Apt. No. 1, Concord, California 94519.

Irwin B. Schwartz

accountants, employees, agents, attorneys and affiliates to the extent necessary to implement the Agreement; and (b) as may be required by taxing authorities or a court of law pursuant to a court order or subpoena, provided that the disclosing party provides the other parties with immediate notice as provided and a reasonable opportunity to seek a protective order or other appropriate relief before any disclosure occurs. Each party acknowledges that the confidentiality obligations set forth in this paragraph are material and essential terms of this Agreement.

17. <u>NON-DISPARAGEMENT.</u> Neither of the Parties shall make any public statement disparaging the other relating to the matters settled herein. FIRST shall remove from its website the press release dated March 23, 2005.

The Parties hereto have executed this Settlement Agreement as of the dates set forth below.

DATED: April __, 2005
       Bedford, Massachusetts

                                    FIRST, LLC


                            BY:     _____
                                    David Kaemmer
                                    President

DATED: April 27, 2005
       Concord, California


                                    _____
                                    Timothy McArthur

8

EXHIBIT A

accountants, employees, agents, attorneys and affiliates to the extent necessary to implement the Agreement; and (b) as may be required by taxing authorities or a court of law pursuant to a court order or subpoena, provided that the disclosing party provides the other parties with immediate notice as provided and a reasonable opportunity to seek a protective order or other appropriate relief before any disclosure occurs. Each party acknowledges that the confidentiality obligations set forth in this paragraph are material and essential terms of this Agreement.

17. **NON-DISPARAGEMENT.** Neither of the Parties shall make any public statement disparaging the other relating to the matters settled herein. FIRST shall remove from its website the press release dated March 23, 2005.

The Parties hereto have executed this Settlement Agreement as of the dates set forth below.

DATED: April 28, 2005
Bedford, Massachusetts

FIRST, LLC

BY: _____
David Kaemmer
President

DATED: April __, 2005
Concord, California

_____
Timothy McArthur

8

EXHIBIT B